[No. 13070. In Bank. — June 17, 1889.]

## A. C. WRISTEN, APPELLANT, v. PETER DONLAN, RESPONDENT.

ELECTION CONTEST — ROAD OVERSEER — ELIGIBILITY TO OFFICE — ROAD DISTRICT — MUNICIPAL CORPORATION. — The board of supervisors are permitted, in dividing a county into road districts, to include in them incorporated towns in which no work is actually done upon the streets by virtue of any law relating to street-work, although such work may be authorized to be done by the act under which the incorporation was formed; and in an election contest involving the eligibility of a road overseer elected for a road district which included an incorporated town in which he resided, in the absence of any showing that street-work is done therein, the town must be assumed to have been rightly included in the road district so as to render the respondent eligible to the office of road overseer.

APPEAL from a judgment of the Superior Court of Contra Costa County.

The facts are stated in the opinion.

*Chase & Chase*, for Appellant.

*G. W. Bowie*, and *W. S. Tinning*, for Respondent.

BELCHER, C. C. — An election for road overseer in road district No. 1 of supervisor district No. 5, in Contra Costa County, was held on the sixth day of November, 1888. The votes were afterwards canvassed by the board of supervisors, and the respondent was declared

duly elected to the office. This proceeding was commenced to contest the respondent's right to hold the office, on the ground that he was, at the time of the election, a resident of an incorporated town, and therefore not eligible. The court found that at the time of the election respondent was a resident of the town of Antioch; that the town was incorporated, and was within the said road district; that respondent was an elector of the district, and was duly elected road overseer thereof; that there was no evidence that the board of trustees of the town, if there were any, ever laid out or accepted any streets or collected any taxes or moneys, and expended the same on any streets within the incorporation; and, as conclusions of law, that respondent was eligible to the office, and was entitled to hold the same. Judgment was accordingly entered dismissing the proceeding; and from that judgment the appeal is prosecuted and rests on the judgment roll.

It is admitted that the town of Antioch was incorporated in 1872 under the provisions of the act passed in 1856 "to provide for the incorporation of towns." (Stats. 1856, p. 198.) By this act the town trustees were clothed with power, under proper ordinances to be enacted by them, to lay out, alter, keep, open, and repair the streets and alleys of the town, and to levy and collect taxes, licenses, and fines, and use the money for such purpose; but there is nothing in the act compelling them to lay out, open, or repair any streets, or to levy or collect, any taxes.

Section 4102 of the Political Code provides that " no person is eligible to a district or township office who is not of the age of twenty-one years, a citizen of the state, and an elector of the district or township in which the duties of the office are to be exercised or for which he is elected."

Section 2 of the act passed in 1883, amending the chapter of the Political Code on highways, provides that

" all laws concerning roads and highways in conflict
with this act, and all laws applicable to particular coun-
ties of this state concerning roads and highways, are
hereby repealed; . . . . *provided further,* that nothing
herein contained shall be deemed to authorize the levy
or collection of a road poll tax, or property road tax,
within municipalities existing under the laws of this
state, wherein work and improvements upon the streets
is done by virtue of any law relating to street-work and
improvements within such municipality. Nor shall any
such incorporated city or towns be by the supervisors of
the county included or embraced in any road district by
them established under this act." (Stats. 1883, p. 20.)

And section 2641 of the Political Code provides that
" the board of supervisors of the several counties shall
divide their respective counties into suitable road dis-
tricts."

In view of the foregoing statutory provisions, the ques-
tion is, Was the respondent rendered ineligible to the
office of road overseer because he was a resident of the
incorporated town of Antioch? It is clear that he was
not eligible to the office unless he was an elector of the
road district. Could the town be included or embraced
in the district ?

Under section 2 of the act of 1883 above cited, no in-
corporated city or town " wherein work and improve-
ments upon the streets is done by virtue of any law re-
lating to street-work and improvements within such
municipality" could be included or embraced in a road
district. But this clearly does not forbid — on the con-
trary, by implication it expressly permits — the board of
supervisors in dividing a county into road districts to
include in them incorporated towns in which no work
is done upon the streets by virtue of any law relating to
street-work.

Now, if Antioch was of the class of towns which could
not be so included, the burden was upon the contestant

to show that fact.   But this, as we have seen from the. findings, he wholly failed to do.

We must assume, therefore, in the absence of any showing to the contrary, that the town of Antioch was rightly included in and made a part of the road district, and that respondent was an elector in the district, and was eligible to the office of road overseer.

The judgment should be affirmed.

FOOTE, C., and GIBSON, C., concurred.

The COURT.—For the reason given in the foregoing opinion, the judgment is affirmed.